**In the Matter of Marisa AGUILAR, Respondent.**

No. 49S00–1211–DI–617.

Supreme Court of Indiana.

Dec. 4, 2014.

*PUBLISHED ORDER REVOKING PROBATION AND IMPOSING SUSPENSION*

On April 2, 2013, the Court entered an order approving a conditional agreement under which Respondent was suspended from the practice of law for a period of 30 days, all stayed subject to completion of at least two years of probation. The agreement provides that if probation is revoked, Respondent will actively serve her suspension without automatic reinstatement.

On August 19, 2014, the Commission filed its first verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2)(a), asserting Respondent violated the conditions of probation by failing to timely respond to requests for information concerning a grievance filed by a client. Among additional pleadings filed by the parties, Respondent filed a response acknowledging her delays in responding to these requests and asking that her probation not be revoked.

On October 8, 2014, the Commission filed a second verified motion to revoke Respondent's probation, alleging Respondent failed to respond to requests for information concerning a grievance filed by a second client. Respondent did not separately respond to this motion.

Being duly advised, the Court GRANTS the motions and revokes Respondent's probation. **Respondent shall be suspended from the practice of law for a period of not less than 30 days, without automatic** reinstatement, beginning January 20, 2015. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). The costs of this proceeding are assessed against Respondent.

All Justices concur.